1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JEFFERS PATRICK DICKEY,

11              Plaintiff,                    No. CIV S-03-2215 MCE PAN P

12         vs.

13    MARK CHURRAY,

14              Defendant.              <u>ORDER</u>

15    _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17    42 U.S.C. § 1983.  On January 19, 2006 plaintiff filed a motion seeking leave of court to obtain

18    written depositions from eight inmate witnesses only recently divulged to plaintiff through

19    discovery.  (Docket No. 75.)  Plaintiff acknowledged his previous efforts to gain permission to

20    take written depositions of inmate witnesses.

21              As early as May 31, 2005, plaintiff notified the court of his desire to take written

22    depositions of inmate witnesses Upshow, Dukes and Casey.  By order filed June 30, 2005,

23    plaintiff's motion to serve a deposition by written questions was denied.  The court stated that

24    plaintiff

25              may examine prospective witnesses by written questions (<u>see</u> Fed.
                R. Civ. P. 30(d)) but must pay the fees of the officer taking the
26              deposition under oath.  <u>See</u> <u>Tedder v. Odel</u>, 890 F.2d 210, 211-12

                                                1

1   (9th Cir. 1989).  The court has no role in arranging for such
    depositions or serving deposition notices (which a party may serve
2   by mail).

3   (June 30, 2005 Order at 1-2.)

4        On July 11, 2005, plaintiff again notified the court of his desire to take written

5   depositions of inmate witnesses Upshow, Dukes and Casey, including the submission of written

6   questions, but his request was contained in his request for extension of the discovery deadline.

7   (Docket No. 41.)  By order filed July 20, 2005, this request was stricken from the record for

8   plaintiff's failure to serve a copy of his motion on counsel for defendant.  (Docket No. 45.)

9        On August 1, 2005, plaintiff renewed his request for extension, again including

10  his request to depose inmate witnesses by written deposition.  By order filed August 31, 2005,

11  the discovery deadline was extended, but the order was silent concerning plaintiff's request to

12  take depositions by written questions.

13       Upon review of the motion, and good cause appearing therefor, THE COURT

14  FINDS AND ORDERS AS FOLLOWS:

15       In view of the logistical problems inherent in the taking of a deposition within a

16  prison, and pursuant to its authority to order such terms as will provide for the safe and

17  expeditious taking of depositions, this court grants plaintiff leave to proceed with the deposition

18  by written questions.  Plaintiff may take the written deposition of the following inmate witnesses:

19       1.  Robert Upshaw (P-56186), Salinas Valley State Prison;

20       2.  William Dukes (J-79876), Mule Creek State Prison;

21       3.  Michael Casey (P-12549), Salinas Valley State Prison;

22       4.  Travis Wood (J-67560), Pelican Bay State Prison;

23       5.  Sherman Bell (E-89260), Pelican Bay State Prison;

24       6.  Chris Parker (K-03486), High Desert State Prison;

25       7.  Jesse Clasby (K-46356), Pelican Bay State Prison; and

26       8.  Trippe (E-61614), California State Prison at Corcoran.

Plaintiff has previously provided his list of questions.  (Pl.'s August 1, 2005 Motion at 20-24.)
The Clerk of the Court will be directed to append pages 20 - 24 of plaintiff's August 1, 2005
motion as Exhibit A to this order.

Defendant will have thirty days in which to object to any questions, and submit
questions of their own.  Plaintiff may object to proposed cross-examination questions within the
next fourteen days.  When the questions have been determined, plaintiff will be required to
prepare the final questions in a form that provides space for the deponent to write his answers
beneath the question.  It would be helpful if plaintiff would type the questions, but neatly
handwritten questions will also be accepted.  Plaintiff will submit eight sets of the final questions
to the court.

The court will then forward all permissible questions to the deponent.  The
deponent shall write out answers to the questions on the forms provided by plaintiff, swear to
their truthfulness by verification, and return them to the court.  The clerk of the court will then
forward copies of the answers to the parties.

Counsel for defendant is ordered to provide such assistance as is required within
and without the prison to effectuate this order.  If redirect and recross-examination questions are
desired by either party under Fed. R. Civ. P. 31(a), the party shall notify the court forthwith and
provision will be made therefor.

In view of the above, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court is directed to append pages 20 - 24 of plaintiff's August
1, 2005 motion as Exhibit A to this order.  Defendant may object to the proposed direct questions
set forth in Exhibit A hereto and submit proposed written questions for cross-examination within
the next thirty days.

2.  Plaintiff may file objections to proposed cross-examination questions within
fourteen days thereafter.

/////

3.  Upon determination of permissible questions by the court, plaintiff shall submit eight sets of the questions, leaving room for the deponent's answers, to the court; the Clerk shall then forward copies of the questions to each inmate witness.

4.  Upon receipt of the questions, each inmate witness shall write out his answers in the form provided by plaintiff and return them to the court no later than fourteen days after service by the Clerk.

5.  Upon receipt of the answers, the Clerk shall serve the parties with copies of the answers.

6.  The parties shall inform the court forthwith whether they wish to depose any witness further by redirect and/or recross-examination questions.  Upon such notification the court will make provision for further questioning.

DATED: April 28, 2006.


UNITED STATES MAGISTRATE JUDGE

/001; dick2215.414

4