IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERS PATRICK DICKEY,

    Plaintiff,                       No. CIV S-03-2215 MCE PAN P

    vs.

MARK CHURRAY,                     ORDER

    Defendant.

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Several motions are pending herein.

1. Plaintiff's Complaint

       In his October 27, 2003 complaint, plaintiff alleges defendant failed to protect plaintiff when, on November 3, 2002, two inmates approached plaintiff and stabbed him numerous times, including twice to his chest and four times to his back. Plaintiff suffered a pierced left lung and a major artery above his heart was also pierced. Plaintiff contends defendant had various methods at his disposal to stop the attack, but defendant did nothing.

2. Plaintiff's Motion to Compel

       On October 31, 2005, plaintiff filed a motion to compel discovery. Plaintiff sought an order compelling defendant to produce documents responsive to plaintiff's Request for

1

Production of Documents, Set 7.  Plaintiff contended that despite two follow-up letters to counsel, defendant had not responded to this request.

On November 3, 2005, defendant filed an opposition to the motion to compel. Defense counsel contends that she failed to timely respond due to a calendaring error in counsel's office.  Moreover, defendant avers that responses were provided to plaintiff on November 3, 2005.  Defendant contends plaintiff's October 31 motion should be denied as moot in light of their responses.

In plaintiff's November 23, 2005 reply, plaintiff contends that defendant's responses are lacking and renews his request for a court order compelling defendant to provide the documents sought in his seventh request for production of documents.  (Docket No. 63.) Plaintiff contends further responses are required for the following requests, which this court will address seriatim.

Request No. 2.  "Please produce a schematic or diagram of CSP-SAC Administrative Segregation Building A-6 and its accompanying exercise yard depicting exact shapes and sizes of each section of the building, including offices and sally ports or hallways." (Id.)  Defendant objected on the grounds the request was over-broad and not reasonably calculated to lead to the discovery of admissible evidence, but, without waiving objection, defendant produced a diagram of the A Facility 6 Block Exercise Yard.  (Pl.'s Reply at 6.) Defendant contended no diagram for the building existed.  (Id.)

Plaintiff seeks an accurate diagram of the building and attached exercise yard, including measurements and shapes of each structure, so he may correlate testimony with the measurement of the scene.  Plaintiff maintains he can provide a rough sketch of the building with approximate shapes and sizes for his use at trial, but is trying to avoid having his sketch challenged at trial when counsel produces an exact schematic or diagram.  Plaintiff argues that obtaining an accurate diagram of the building, sally port and rotunda area is essential to prove his case.

Defendant is not required to produce documents not in his possession and/or not obtainable with due diligence. The diagram provided by defendant should meet plaintiff's needs at trial, and the diagram provided by defendant is a reasonable way to avoid the obvious security concerns. Plaintiff's motion to compel further response to Request No. 2 of Set 7 will be denied.

Request No. 3: "Please produce the document containing and describing the procedure or procedures mandated by policy or directives or instructions of CDC or CSP-SAC in effect on Nov. 3, 2002 for an officer assigned to a Control/Observation position, including the position overlooking the Administrative Segregation Building A-6 exercise yard at CSP-SAC for responding to an incident consisting of one or two inmates assaulting a third inmate with inmate manufactured knives." (Id.) Defendants responded that "[t]here are no documents responsive to the specifics of this request. However, defendant has previously produced a copy of the Post Orders." (Id.)

Plaintiff contends that his request sought the policies or procedures regulating the position of "exercise yard gunner" when faced with a potentially lethal situation. Plaintiff maintains that an employee in this position holds a gun and supervises inmate activities on the concrete exercise yard. Plaintiff objects that the "Post Orders" referred to by defendant describe duties of Control Officers who are responsible for the inside of the building, and maintains other documents must exist to govern the actions of armed guards tasked with monitoring the exercise yards.

Plaintiff's argument is well taken. Plaintiff's motion to compel further response to request no. 3 will be granted. Defendant shall provide the procedure or procedures that govern the armed guards tasked with monitoring the exercise yards, particularly those procedures or regulations governing how these armed guards are to respond to an inmate on inmate assault. If procedures are not specifically written for exercise yard gunner, defendant shall affirmatively state what policies or procedures govern the position and include the procedures or regulations that would govern an employee holding that position.

3. <u>Plaintiff's Motion to Deem Request for Admissions Admitted</u>

On November 23, 2005, plaintiff filed a motion to deem the request for admissions, set #1, admitted based on defendant's failure to respond. (Docket No. 62.) Plaintiff served this first request for admissions on September 27, 2005. Pursuant to the December 15, 2004 discovery order, defendant had 45 days to respond. Here, the 45th day fell on Thursday, November 10, 2005. Fed. R. Civ. P. 6(a). Because these responses were mailed, three days for mailing could be added to the time calculation, Fed. R. Civ. P. 6(e); 5(b)(2)(B), so the responses were timely if mailed on Monday, November 14, 2005, because the third day fell on a Sunday. In his declaration supporting this motion, plaintiff contends he had not received a response (Pl.'s November 23, 2005 Decl. at 1.), at least by November 18, 2005, the date he mailed his motion.

Defendant has provided a copy of his response to plaintiff's request for admissions. (Deft.'s December 2, 2005 Motion, Ex. A.) The response was signed by counsel for defendant and dated November 28, 2005, and the declaration of service by mail states it was mailed on November 28, 2005. (<u>Id.</u>)

Defendant states "plaintiff was served with the responses on the date counsel believed the responses were due." (Id. at 2.) Counsel for defendant states she was out ill the month of September and only worked part-time in October. Counsel claims she could not find plaintiff's original requests for admissions, so, for reasons not clear to this court, counsel used the date of October 12, 2005 to calculate the response due date. Because 45 days from that date fell on a Saturday, counsel initially completed and served the responses the following Monday, November 28, 2005.

On December 2, 2005, defendant's counsel filed a motion to supplement, withdraw or amend the responses to the September 27, 2005 requests for admissions. (Docket No. 65.) Defendant argues that the merits of the action would not be subserved were the court to deem all of the requests admitted. Defendant further contends that allowing withdrawal or amendment of the admissions would not impede plaintiff's ability to present his evidence at trial.

The federal rules are clear that requests for admissions are admitted "unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow . . ., the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . . . Fed. R. Civ. P. 36(a). Because counsel did not serve the responses within the 45 days provided by the court's discovery order, the requests are deemed admitted. "Any matter under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admissions." Fed. R. Civ. P. 36(b).

The court has reviewed the untimely responses posed by defendant as well as counsel's suggested amendments. Many of the responses were qualified and failed to meet the requirements of Fed. R. Civ. P. 36(a). Parties are required to admit or deny the request and, if denying, "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(a).

> A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

Fed. R. Civ. P. 36(a).

However, defendant's argument that the merits of the action would not be subserved if defendant is not allowed to withdraw his admissions is well taken. Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). "[T]wo requirements must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and

1  (2) the party who obtained the admission must not be prejudiced by the withdrawal." Sonoda v.
2  Cabrera, 255 F.3d 1035, 1039 (9th Cir. 2001).

3  Were defendant not permitted to withdraw his responses here, he would be
4  deprived of a hearing on the merits of his defense.  Because the errors related to the untimely
5  responses are solely attributable to the errors of counsel, defendant should not be so penalized.
6  Moreover, plaintiff has not demonstrated how he would be prejudiced by the withdrawal of these
7  admissions, other than to state he needs the discovery to effectively prepare his case.  Plaintiff
8  has been inconvenienced by the delay of discovery in this action, but because this court is
9  extending deadlines to address this delay, plaintiff has not met his burden to show prejudice by
10 the withdrawal of these admissions.  See Hadley 45 F.3d at 1349 (found inconvenience but not
11 prejudice despite the moving party's contention that if the admission had been timely it would
12 have been able to engage in more extensive trial preparation); see also 999 v. C.I.T. Corp., 776
13 F.2d at 869 (finding prejudice where motion to withdraw admission made in the middle of trial
14 when 999 had nearly rested its case and 999 had relied on the admission and had shown the
15 admission to the jury).

16 Because the merits of the action would not be subserved or promoted and less
17 severe sanctions are available, the court will grant defendant's motion to withdraw the
18 admissions.  However, defendant will be required to respond to the request for admissions anew,
19 complying, carefully, with Fed. R. Civ. P. 36(a).  The court will address the issue of expenses
20 and/or sanctions below.

21 4.  Defendant's Motion for Relief from November 18, 2005 Order

22 On December 7, 2005, defendant filed a motion for relief from the court's
23 November 18, 2005 order granting plaintiff's motion to compel further responses to requests for
24 production, citing Fed. R. Civ. P. 60(b).  (Docket No. 67.)  Specifically, the order granted
25 plaintiff's request to produce Operational Procedure #8 and further responses to requests for
26 production sets 3, 4, 5 and 6.  (Id.)  Counsel contends the initial failure to respond to plaintiff's

request, as well as the subsequent failure to comply with the court's order requiring further responses, was due to inadvertent error and oversight by counsel.[1]

Initially defendant argues that plaintiff's motion is defective because he allegedly failed to set forth any grounds for his position that defendant's objections are not well taken, and fails to address why the documents requested are material to the matters at issue." (Deft.'s December 7, 2005 Motion at 2.) However, appended to plaintiff's August 5, 2005 motion to compel was plaintiff's brief in support of his motion in which he identified the specific requests that he contended were still at issue as well as those he conceded to defendant's objections. (Pl.'s August 5, 2005 Motion at 20-28.)  Thus, defendant's objection that plaintiff's motion was defective is overruled.

Defendant further contends that several of the documents sought by plaintiff are confidential and their release would threaten the safety and security of the institution, staff and inmates. Finally, defendant argues that some of plaintiff's requests are so broad that defendant cannot comply with the order to turn over the requested documents.

On December 27, 2005, plaintiff filed an opposition to defendant's motion for relief from the court's November 18, 2005 order. Plaintiff asks that the court deny defendant's motion based on Fed. R. Civ. P. 37(b), essentially as a sanction for defendant's failure to respond to multiple requests for discovery, multiple motions to compel discovery and a court order directing counsel to respond to discovery.  Subsequently, plaintiff filed requests for the entry of default as a sanction for defendant's failure to respond to the discovery requests and the court's order, and also filed a motion for contempt based on the same failures to act.

---

[1] Specifically counsel states she was out of the office when the motions to compel were filed and she was preparing for and going to trial in Fresno. Counsel was out ill the month of September and only worked part-time in October. Although her mail was checked in her absence, the order was missed. In addition, the case was reassigned within the office of the Attorney General, but no notice of reassignment was filed with the court, so plaintiff's new correspondence was delivered to the new attorney who later turned it over to the first counsel of record. (Deft.'s Motion at 2.)

Federal Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part that a party may be relieved from a final judgment or order on a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).[2] Motions under Fed. R. Civ. P. 60(b)(1) must be made no later than one year after entry of the order. See Fed. R. Civ. P. 60(b). Here, the order was entered November 18, 2005; thus, the motion was timely brought.

While the court is not unsympathetic to counsel's claim of illness for the month of September, 2005, the delay in responding to plaintiff's diligent efforts to obtain discovery in this action is remarkable. Plaintiff wrote counsel each time responses were late before resorting to filing a motion to compel. Then, once plaintiff sought court assistance and an order issued, defendant ignored the court order as well. This delay has impacted both plaintiff and the court.

That said, however, the court is disinclined to penalize defendant for the failings of counsel, particularly where the result may impact the safety and security of the institution, its staff and inmates. Accordingly, the court will grant defendant's motion for relief from the November 18, 2005 order. The court will deem the responses to the requests for production of documents timely made. Plaintiff's motion for sanctions will be addressed in a separate category below. The court now turns to the motions underlying the November 18, 2005 order.

In his August 1, 2005 motion to compel discovery, plaintiff sought production of Operational Procedure #8. Defendant objected, stating the report is confidential. Defendant states this document contains tactical information on the use of force and would inform inmates how to avoid the procedures used to stop inmate disturbances. (Young Decl. at 1.)

Defendant, however, has cited the operational procedures as his defense and therefore should be required to produce documentary evidence in support thereof. Because defendant contends Operational Procedure #8 is confidential for the safety and security of the institution, defendant will be ordered to submit the document to the court for review *in camera*.

---

[2] None of the other provisions of Fed. R. Civ. P. 60(b) apply to the circumstances at bar.

In his August 8, 2005 motion to compel discovery, plaintiff sought an order requiring defendant to provide further documents requested in plaintiff's third, fourth, fifth and sixth sets of requests for production of documents. The court will address the specific requests seriatim.

Request for Production, Set Three:

Request No. 1: "If the procedures inquired about in "Interrogatories Set 2" question #1 propounded by Plaintiff are set forth in any directive, manuel [sic] or other document, produce the document." Response: "Documents responsive to this request, specifically, a copy of the post orders for ASU/EPO Control Booth Officer, have been attached as Exhibit A.

Plaintiff contends that the post orders for control booth officer are not applicable to the position defendant held at the time plaintiff was stabbed. However, it appears these are the procedures plaintiff later requested in Set 7, Request 3 above. In light of the order granting plaintiff's motion to compel defendant to further respond to request 3 of plaintiff's 7th set of requests for production, plaintiff's motion to compel further response to request no. 1 will be denied.

Request No. 2: "If the information inquired about in "Interrogatories Set 2" questions #2 and #3 propounded by Plaintiff[3] are set forth in any statistical analysis or statistical compilation report by the California Department of Corrections, California State Prison at Sacramento, or one of their agents, please produce a copy of the documents containing that analysis and/or compilation report." Response: "Defendant objects to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence."

---

[3] These interrogatories asked defendant to recount the number of incidents occurring on the ad-seg exercise yards at CSP-Sacramento for 2002 for four different variations of inmate on inmate assaults (question #2) and to state the number of times defendant witnessed and performed his duties as an observation/control officer of an ad-seg exercise yard at CSP-Sacramento for 2002 for those types of assaults listed in #2 (question #3).

9

Plaintiff states he made this request to "acquire facts on the violent nature of the inmate assigned to ASU exercise yards at CSP-Sac during the year 2002. Plaintiff claims this information would be used to provide a factual basis for the pervasive risk of harm plaintiff faced while assigned to the ASU building exercise yard and to prove deliberate indifference.

Defendant argues these documents have no bearing on this case and object to plaintiff's request that the document contain a description of each violent act, including the part of the institution in which the act took place.

Defendant is not required to create a document responsive to a document production request. If defendant does not have statistical analysis or compilation reports setting forth those inmate on inmate assaults that occurred in 2002 at CSP-Sacramento, he must say so in a verified response. However, if defendant has statistical data that demonstrates the number of inmate on inmate assaults that have taken place on the yard at issue here, defendant shall produce them. Obviously, defendant is not required to produce documents for the entire institution.

<u>Request No. 3</u>: "Please Produce any and all grievances, complaints, or other documents received by Mark Churray, defendant, or his agents at California State Prison at Sacramento concerning mistreatment of inmates by defendant Mark Churray, and any memoranda, investigative files or other documents created in response to such documents." Response: "Defendant objects to this request on the grounds it is vague as to time, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff states he sought this information to prove defendant's deliberate indifference to plaintiff's health and welfare during the assault. Plaintiff states a time factor is not an issue because "the defendant's integrity does not somehow change on some magical date, but it is established by documentation over a period of time." (Pl.'s August 8, 2005 Motion at 23.)

In the opposition, defendant recounts the initial objections but adds that inmate grievances are not filed by the name of the correctional officer involved, but are kept in the

1  inmates' files; thus, defendant cannot reasonably produce the requested documents.

2  Defendant's objections are well taken. No further production will be ordered.[4]

3  Request for Production, Set Four:

4  Request No. 1: "Plaintiff filed a CDC 602 inmate appeal form Log #SAC-
5  S-03-00680, see exhibit B of the Complaint. An inquiry was made, see accompanying document,
6  by Investigative Services Unit (ISU) Lieutenant D. Leiber into my allegations of staff misconduct
7  lodged in the CDC 602 inmate appeal form. Please produce all reports and associated documents
8  made by ISU Lieutenant D. Leiber and his agents, employees, co-workers concerning the
9  investigation of my allegations, including any and all documents of interviews made by ISU staff
10 or their agents of inmates and staff of California State Prison-Sacramento." Response:
11 Defendant objects to this request on the grounds that the document requested has been deemed
12 confidential for the safety and security of the institution. Without waiving objection, a copy of
13 the memorandum authorized by D. Leiber finding that plaintiff's allegations could not be
14 sustained is attached as Exhibit A."

15 In their motion, defendant state that the investigative report authored by D. Leiber
16 contains statements made by an inmate during the course of the investigation. Defendant alleges
17 the inmate believed this information would remain confidential and divulging this information in
18 unredacted form would endanger the safety of that inmate. Defendant argues the Leiber report
19 should not be produced to plaintiff in unredacted form.

20 Plaintiff argues that the report is relevant and that the inmate named in the report
21 may well be a witness critical to plaintiff's case.

22 The Leiber report is relevant, and should be produced. However, based on
23 defendant's concerns for the named inmate, the court will require defendant to submit the report
24 to the court for review *in camera*. Defendant shall also provide a copy of the Leiber report

---

26  [4] In defendant's answers to plaintiff's second set of interrogatories, defendant recalled there were at least four incidents of inmate on inmate assaults on the exercise yard. Defendant stated he could not recall the precise number or specifics of the incidents.

marking proposed redactions.

    Request for Production, Set Five:

    Request No. 1: "Please produce all documents listed in your response to Interrogatory Set 3 question 1a propounded by plaintiff, including all documents describing the disciplinary, criminal, and/or behavioral history of all inmates assigned to the 6/4 Administrative Segregation building A-6 exercise yard on Nov. 3, 2002." Response: Defendant objects to this request on the ground that the documents requested are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the documents requested contain information that has been deemed confidential for the safety and security of the institution, and that is privileged under state law. Moreover, defendant did not respond to Interrogatory, Set 3, as plaintiff has propounded more interrogatories than allowed under Rule 33(a) of the Federal Rules of Civil Procedure."

    Plaintiff argues this information is necessary to prove that the inmates on the ASU building A-6 exercise yard on November 3, 2002 were exceedingly violent in nature. Plaintiff contends this evidence will help him demonstrate that a pervasive risk of harm existed to the plaintiff by being in the proximity of such violent inmates, as discussed in Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff argues the release of this information should not be an institutional safety or security concern as plaintiff is no longer incarcerated at CSP-Sacramento. In his opposition, defendant argues this information has no bearing on plaintiff's case. Balancing the security concerns against the probative value of plaintiff's request, plaintiff's motion to compel production will be denied.

    Request for Production, Set Six:

    Request No. 1: "Please provide all sections of the Department Operations Manuel that list or outline your dutys [sic] and responsibilities for "Disturbance Control" listed in DOM 55010, including all related and discrete subsections, and of your use of less than lethal weapons listed in DOM 55050, including all related and discrete subsections, especially those

sections that describe the nature of and use of the 37mm projectile or gas gun and the Hydra Force Water Restraint System." Response: Defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the sections of the DOM requested have been deemed confidential for the safety and security of the institution. Without waiving objection, plaintiff has already been provided with copies of the Post Orders for ASU/EOP Control Booth Officer."

Plaintiff argues he is trying to establish defendant's responsibilities as a control/observation officer for "Disturbance Control." Because plaintiff based his claim on defendant's actions and non-actions during a disturbance, plaintiff argues these documents are relevant. Plaintiff states he is required to prove the defendant had the means to intervene, abate or quell the incident; thus, these documents would help plaintiff demonstrate defendant's knowledge, use and possession of weapons in relation to his duties and responsibilities as a control/observation officer.

Defendant will be required to respond to this request without further objection.

Request No. 5: "Please provide documents used and required by California Department of Corrections and California State Prison - Sacramento to document and record your proficiency in the following weapons for the year of 2002: 1. Mini-14 rifle; 2. 37mm projectile or gas gun; 3. Hydra Force Water Restraint System." Response: "Defendant objects to this request on the grounds that it is vague as to time, overly broad and not reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff argues he needs this information to prove defendant had the means to intervene, abate or quell the incident at issue here. Plaintiff contends that requiring defendant to produce evidence of his proficiency in handling these weapons for the year 2002 is relevant to whether defendant had the ability to intervene.

Defendant will be required to respond to this request without further objection.

Request No. 6: "Please provide documents that contain a list of lethal and

1  non-lethal weapons provided to a control/observation officer working for CSP-Sacramento on
2  Nov. 3, 2002, and a control/observation officer includes your assignment on Nov. 3, 2002 to the
3  Administrative Segregation Building A-6 exercise yard control/observation window." Response:
4  "Defendant objects to this request on the grounds that it is not reasonably calculated to lead to the
5  discovery of admissible evidence. Defendant further objects to this request on the grounds that
6  the information requested has been deemed confidential for the safety and security of the
7  institution."

8  Plaintiff argues he needs this information to prove defendant had the means to
9  intervene, abate or quell the incident at issue here.

10  Defendant will be required to respond to this request without further objection.

11  5. <u>Plaintiff's Multiple Requests for Imposition of Sanctions</u>

12  On December 22, 2005, plaintiff filed a request for entry of default based on
13  defendant's failure to provide the documents as ordered by the court on November 17, 2005.
14  (Docket No. 69.) On January 3, 2006, plaintiff filed a request for entry of default (docket no. 71)
15  based on defendant's failure to answer interrogatories as ordered by the court on November 29,
16  2005. On January 3, 2006, plaintiff filed a motion for an order of contempt based on defendant's
17  failure to cooperate in discovery and failure to comply with the court's November 29, 2005 order
18  granting plaintiff's motion to compel defendant to respond to certain interrogatories. On April
19  10, 2006, plaintiff renewed his motion for default judgment based on defendants' failure to
20  respond to discovery.

21  On January 9, 2006, defendant filed an opposition to the motion. Defendant
22  claims his responses were delayed first by his efforts to determine whether any of the inmates
23  plaintiff sought information about were known enemies of plaintiff. Defendant also noted he had
24  requested reconsideration of the court's order in his December 7, 2005 motion. Finally,
25  defendant was provided a response to the request concerning plaintiff's enemies and defendant
26  has served supplemental responses on plaintiff. Defendant concedes his response was untimely

1  but contends that because many of the named inmates are or were members of various White
2  Supremacist prison gangs and this case involves a gang-related assault, it was imperative to
3  verify plaintiff's known enemies prior to releasing this information to plaintiff.

4  While counsel for defendant offers a viable explanation for some of the delay in
5  providing this information to plaintiff, defendant has again chosen a passive way of dealing with
6  a problem.  Court deadlines are set for a reason and when court orders issue, counsel is expected
7  to act in a timely fashion, or seek leave of court if unable to do so.  Upon receiving the discovery
8  requests, counsel did not promptly object or move for a protective order under Fed. R. Civ. P.
9  26(c), and, failing to do so, was under a duty to respond.  Here, counsel repeatedly failed to
10 respond, either to the opposing party or to the court.  Such behavior is unacceptable and will no
11 longer be tolerated in this case.  Had counsel simply requested an extension of time to respond,
12 the court could have addressed counsel's situation and this case might have proceeded in a more
13 orderly fashion.

14 This court is not willing to impose the harsh sanctions of default or contempt at
15 this juncture.  It appears new counsel has taken over this case, effective February 27, 2006, and
16 the court will presume no further delays will occur based on counsel's failure to respond.  The
17 court is reluctantly extending the discovery and dispositive motions filing deadlines for the
18 second time.  Thus, plaintiff will not be prejudiced by the delay he sustained at the hands of
19 opposing counsel.

20 However, based on all of the failures to act recited above, the imposition of
21 sanctions is required.  The district court has discretion to order defendant or his attorney to pay a
22 substantial monetary fine and/or the plaintiff's increased costs and expenses.  Hadley, 45 F.3d at
23 1350.  Because plaintiff is proceeding pro se, he has suffered no increased attorney's fees or
24 filing fees for the many motions he was required to file in an effort to obtain discovery herein.
25 He did incur additional photocopy expenses, however.  Accordingly, this court finds it
26 appropriate to order Kelli M. Hammond, Deputy Attorney General, to personally pay the sum of

$200.00 to plaintiff as sanctions for her repeated failures to comply with discovery requests and discovery orders issued in this action. Fed. R. Civ. P. 37. Ms. Hammond shall not tax this cost to her client. In addition, the office of the Attorney General shall pay $200.00 to the court's nonappropriated fund for its failure to provide adequate supervision.

7. Plaintiff's Request to Extend the Discovery Deadline

On December 22, 2005, plaintiff filed a motion to extend the discovery deadline from January 1, 2006 to April 1, 2006. (Docket No. 68.) On March 27, 2006, plaintiff renewed this request. As noted above, plaintiff has had difficulty obtaining discovery from defendant. Good cause appearing, plaintiff's requests will be granted. However, because the court is allowing plaintiff to obtain written depositions from other inmates, pursuant to an order issued herewith, a longer discovery period will be required. Thus, the discovery deadline will be extended to October 1, 2006.

8. Defendant's Request to Extend Dispositive Motion Deadline

On February 27, 2006, defendant filed a timely request to extend the March 1, 2006 deadline for filing dispositive motions. Normally, the court would not extend this deadline unless the request were accompanied by a proposed motion for summary judgment, which was filed separately, on March 14, 2006. However, because the discovery period has been extended by necessity, the court has no alternative but to also extend the dispositive motion deadline. Counsel is cautioned to refrain from re-filing a dispositive motion until discovery is complete. Accordingly, defendant's request to extend the dispositive motion deadline will be granted.[5] Dispositive motions shall be filed no later than January 1, 2007.

9. Defendant's Motion for Summary Judgment

On March 14, 2006, defendant filed a motion for summary judgment. However, because plaintiff has been unable to obtain the discovery he may need to file an opposition to the motion, and the discovery deadline and the dispositive motions deadline are being extended to

---

[5] Pretrial and trial dates were vacated in the court's August 31, 2005 order and will be reset, if appropriate, following resolution of dispositive motions.

1 allow plaintiff to complete discovery, defendant's motion is premature. Defendant's motion will
2 be denied without prejudice to its renewal after the discovery deadline, at which time defendant
3 may refile the same motion or modify it.
4      In light of this ruling, plaintiff's March 27, 2006 request for an order staying
5 defendant's motion for summary judgment will be denied without prejudice.

10.  Pretrial and Trial Dates

7      On April 12, 2006, the district court reset this matter for jury trial on November 8,
8 2006. In light of the above, the November 8, 2006 jury trial date will be vacated. Dates for filing
9 pretrial statements and the pretrial conference and jury trial dates will be reset at an appropriate
10 time after the dispositive motion deadline.
11      Accordingly, IT IS HEREBY ORDERED that:
12      1. Plaintiff's October 31, 2005 motion to compel production of documents
13 (docket no. 59) is partially granted. Within thirty days from the date of this order, defendant
14 shall further respond to Request No. 3 of Set 7.
15      2. In all other respects, plaintiff's October 31, 2005 motion to compel production
16 of documents is denied.
17      3. Plaintiff's November 23, 2005 motion to deem requests for admissions
18 admitted (docket no. 62) is granted.
19      4. Defendant's December 2, 2005 motion to withdraw the admissions (docket no.
20 65) is granted; within thirty days from the date of this order, defendant shall respond to Request
21 for Admissions No. 1 dated September 27, 2005.
22      5. Defendant's December 7, 2005, motion for relief from the court's November
23 18, 2005 order (docket no. 67) is granted.
24      6. Plaintiff's August 1, 2005 and August 8, 2005 motions to compel are partially
25 granted:
26      A. Within thirty days from the date of this order, defendant shall submit a

copy of Operational Procedure #8, an unredacted copy of the investigative report authored by D. Leiber, and a copy of the Leiber report with proposed redactions to the chambers of the undersigned for review *in camera*.

  B. Defendant shall respond to plaintiff's request for production, set six, request nos. 1, 5 and 6, without further objection.

  C. The remainder of plaintiff's August 1, 2005 and August 8, 2005 motions to compel are denied (docket nos. 47, 51).

  7. Plaintiff's December 22, 2005 request for entry of default (docket no. 69) is denied.

  8. Plaintiff's December 22, 2005 and March 27, 2006 requests to extend the discovery deadline (docket nos. 68, 86) are granted in part; the discovery deadline is extended from January 1, 2006 to October 1, 2006.

  9. Plaintiff's January 3, 2006 request for entry of default (docket no. 71) is denied.

  10. Plaintiff's January 3, 2006 motion for an order of contempt (docket no. 72) is denied.

  11. Defendant's February 27, 2006 motion (docket no. 78) is granted. The dispositive motion deadline is extended to January 1, 2007.

  12. Defendant's March 14, 2006 motion for summary judgment (docket no. 82) is denied without prejudice.

  13. Plaintiff's March 27, 2006 request (docket no. 85) is denied without prejudice.

  14. Plaintiff's requests for sanctions are partially granted. Kelli M. Hammond, Deputy Attorney General, shall personally pay the sum of $200.00 to plaintiff as sanctions for her repeated failures to comply with discovery requests and discovery orders issued in this action. Fed. R. Civ. P. 37. Ms. Hammond shall not tax this cost to her client. In addition, the office of

the Attorney General shall pay $200.00 to the court's nonappropriated fund for its failure to provide adequate supervision.

       15.  Plaintiff's April 10, 2006 motion for default (docket no. 87) is denied.

       16.  The jury trial date set for November 8, 2006 before the Honorable Morrison C. England, Jr. is vacated.

DATED:   April 28, 2006.

                                              UNITED STATES MAGISTRATE JUDGE

/001;dickey.mtc