IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERS PATRICK DICKEY,

    Plaintiff,                                No. CIV S-03-2215 MCE PAN P

    vs.

MARK CHURRAY,                            <u>ORDER</u>

    Defendant.

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed May 2, 2006, defendant was ordered to produce, for *in camera* review, Operational Procedure #8 and an unredacted and redacted copy of the Lieber report. Defendant has produced the requested documents. On June 14, 2006, defendant was directed to provide further information concerning the *in camera* review. On June 28, 2006, defendant filed a response and submitted only that portion of Operational Procedure #8 which defendant intends to introduce at trial. Certain information within the portion defendant intends to introduce have been redacted for security reasons.

        This court has reviewed the Operational Procedure #8 and the Lieber report *in toto*. The court finds good cause to redact specific information therefrom, primarily for security reasons. Accordingly, defendant will be directed to provide plaintiff with the redacted portion of the Operational Procedure #8 submitted to the court on June 28, 2006. Defendant shall also

1

1  provide plaintiff with a complete copy of the Lieber report, but may redact the name of the
2  witness defendant does not intend to call at trial.
3     On June 14, 2006, this court directed eight deponents to respond to written
4  questions submitted by plaintiff, noting defendant's failure to submit objections or questions for
5  cross-examination.  On June 29, 2006, defendant filed a request for relief from that order,
6  pursuant to Fed. R. Civ. P. 60(b), based on clerical error.  Defendant states that objections and
7  cross-examinations were served on plaintiff, but were inadvertently not filed with the court.
8  Good cause appearing, defendant will be granted relief from the court's June 14, 2006 order.
9     The court has reviewed defendant's objections to plaintiff's written questions.
10 Defendant's objections are overruled.
11    To date, only one of the eight deponent witnesses have responded to the questions
12 posed by plaintiff and the thirty day period permitted for the responses has elapsed.  One inmate
13 refused (see docket no. 102) and two other inmates responded they would only answer if the
14 court appointed them counsel (see docket nos. 97 & 103).  This court has no authority to appoint
15 counsel to represent a potential witness.  Their request for counsel will be denied and the Clerk
16 of the Court will be directed to send a copy of this order to them at the addresses contained in
17 this court's June 14, 2006 order.
18    In light of the above, the court will only direct the one responding witness, Robert
19 Upshaw, to answer defendant's cross-examination questions.
20    The court now orders the clerk to forward a copy of the cross-examination
21 questions, appended as Exhibit A to defendant's June 29, 2006 filing, to deponent Upshaw along
22 with a subpoena issued by the court and a copy of this order.  Mr. Upshaw shall write out the
23 answers to the questions on the forms provided, swear to their truthfulness, and return them to
24 the court.  The clerk shall then forward copies of the answers to the parties.  Counsel for
25 defendant is ordered to provide such assistance as is required within the prison to effectuate this
26 order.  The deposition shall occur within thirty days from the date of this order.

IT IS HEREBY ORDERED that:

1. Within ten days from the date of this order, defendant shall provide plaintiff with the redacted portion of Operational Procedure #8 submitted to the court on June 28, 2006.

2. Within ten days, defendant shall also provide plaintiff with a complete copy of the Lieber report, but may redact the name of the witness. However, defendant may not call this witness at trial or use this witness' declaration in support of a motion for summary judgment or to oppose a motion for summary judgment.

3. The clerk of the court is ordered to forward the subpoena, a copy of this order, and a copy of the written cross-examination questions (Exhibit A to docket no. 99) to deponent Robert Upshaw as follows:

>     Robert Upshaw (P-56186)
>     Salinas Valley State Prison
>     31625 Highway 101
>     P.O. Box 1020
>     Soledad, CA 93960-1020.

4. Mr. Upshaw shall return the questions pursuant to subpoena to the court no later than thirty days after the date of this order.

5. Upon receipt of the deposition answers, the clerk of the court shall forward copies to the parties.

6. Any redirect or recross questions will be lodged with the court within fifteen days of service of the answers.

7. The requests for appointment of counsel filed by deponent witnesses on June 27, 2006 and July 12, 2006 are denied. The Clerk of the Court is directed to forward a copy of this order to those two deponent witnesses. (See docket nos. 97 and 103.)

DATED: August 3, 2006.

UNITED STATES MAGISTRATE JUDGE

/001;dickey.icr