1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFFERS P. DICKEY,

11            Plaintiff,                    No. CIV S-03-2215 ALA P

12       vs.

13   M. CHURRAY,

14            Defendant.              ORDER

15   _____/

16       Jeffers P. Dickey is a state prisoner proceeding pro se and in forma pauperis in this civil

17   rights action under 42 U.S.C.§ 1983.  Mr. Dickey claims that Correction Officer M. Churray was

18   deliberately indifferent to Mr. Dickey's safety resulting in serious injury to Mr. Dickey and a

19   violation of his constitutional rights under the 8th Amendment.

20       On December 15, 2006, Officer Churray filed a motion for summary judgment.  On

21   August 17, 2007, Mr. Dickey filed a cross-motion for summary judgment.  On August 29, 2007,

22   Mr. Dickey filed an opposition to Officer Churray's motion for summary judgment.  On

23   September 4, 2007, Officer Churray filed an opposition to Mr. Dickey's motion for summary

24   judgment.

25                              **I**

26

27       For the most part, the facts are undisputed in this case.  On November 11, 2002, Mr.

28                                 -1-

1   Dickey was housed in the Administrative Segregation Unit of California State Prison,

2   Sacramento.  At about 1 p.m. he was escorted into the A Facility Small Concrete Exercise Yard

3   ("A Facility").  There were approximately ten inmates in that yard.  Officer Churray was located

4   on the second floor of A Facility and was responsible for observing the inmates in the exercise

5   yard.

6        After several hours, two inmates attacked Mr. Dickey with makeshift knives, severely

7   injuring him.  Mr. Dickey alleges that Officer Churray did nothing to stop the attack.  In his

8   statement of undisputed facts Officer Churray states that he immediately activated his personal

9   alarm and ordered all the inmates in A Facility to get down.  Officer Churray's Statement of

10  Undisputed Facts at 2.   When the assailants failed to respond to Officer Churray's order, he

11  reached for a weapon.  *Id*. at 3.  The assailants immediately ceased their attack when Officer

12  Churray drew his weapon.  *Id.*

**II**

14       Officer Churray contends that summary judgment should be granted in his favor as a

15  matter of law because no genuine issues as to any material fact remain in dispute, and Mr.

16  Dickey has failed to establish that Officer Churray was deliberately indifferent to his health and

17  safety.  "A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation

18  he suffered was 'objectively, sufficiently serious;' and (2) that prison officials were deliberately

19  indifferent to his safety in allowing the deprivation to take place." *Morgan v. Morgensen*, 465

20  F.3d 1041, 1045 (9th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).   "The

21  subjective component requires the inmates to show that the officials had the culpable mental

22  state, which is ''deliberate indifference' to a substantial risk of serious harm.'" *Clement v.*

23  *Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th

24  Cir. 1998)).  "'Deliberate indifference' is evidenced only when 'the official knows of and

25  disregards an excessive risk to inmate health or safety; the official must both be aware of the

26  facts from which the inference could be drawn that a substantial risk of serious harm exists, and

27  he must also draw the inference.'" *Clement*, 298 F.3d at 904 (quoting *Farmer*, 511 U.S. at 837).

28                                                    -2-

1    To grant summary judgment, the Court must determine that the record before it contains

2 "no genuine issue as to any material fact" and, thus, "that the moving party is entitled to

3 judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether to grant summary

4 judgment, the Court will view the facts and inferences from these facts in the light most

5 favorable to the nonmoving party. *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

6 587 (1986).

7    The mere existence of some alleged factual dispute between the parties will not defeat an

8 otherwise properly supported motion for summary judgment; the requirement is that there be no

9 genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A

10 material fact is any factual dispute that might affect the outcome of the case under the governing

11 substantive law. *Id.* at 248.  A factual dispute is genuine if the evidence is such that a reasonable

12 jury could resolve the dispute in favor of the nonmoving party.  *Id.*

13    A party opposing a motion for summary judgment cannot rest upon mere allegations or

14 denials in the pleadings or papers, but instead must set forth specific facts demonstrating a

15 genuine issue for trial. *Id.* at 250.  Finally, if the nonmoving party's evidence is merely colorable

16 or is not significantly probative, a court may grant summary judgment. *California Architectural*

17 *Build. Prods., Inc. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir. 1987)..

18    Here, the undisputed facts do not establish that Officer Churray knew of and disregarded

19 an excessive risk of serious harm to Mr. Dickey.  Officer Churray was the victim of a vicious

20 attack by two other inmates.  Mr. Dickey does not allege that Officer Churray prompted,

21 encouraged or was even actually aware that the assailants intended to attack Mr. Dickey.  Mr.

22 Dickey only alleges that Officer Churray failed to act quickly enough to prevent the attack.

23    At worst, Mr. Dickey's allegations could only show that Officer Churray was negligent

24 in supervising the inmates.  However, even this argument is questionable.  The surveillance

25 camera recording of the yard shows that Mr. Dickey was the victim of a vicious surprise attack

26 that occurred without warning and lasted less than seven seconds. *See* Officer Churray's

27 Statement of Undisputed Facts Ex. C. (DVD recording of incident with time stamp).  The

28                                              -3-

1   recording also shows that all prisoners, including the attackers, placed themselves in a prone

2   position on the ground, likely in response to Officer Churray's order, shortly after the attack

3   began.  At this point, Mr. Dickey was able to exit from A Facility.  Because it is undisputed that

4   Mr. Dickey's injuries were the result of a very quick, surprise attack, there exists no genuine

5   issue as to any material fact in regard to the behavior of Officer Churray.  The record shows that

6   Officer Churray responded to the attack on Mr. Dickey appropriately. The facts do not indicate

7   that he disregarded Mr. Dickey's safety.  Therefore, I conclude that his behavior did not equate

8   to deliberate indifference.  Accordingly, Officer Churray is entitled to summary judgment.

9

10   /////

11        Accordingly, IT IS HEREBY ORDERED that:

12        1. Defendants' motion for summary judgment (doc. 82) is GRANTED; and

13        2. Plaintiff's motion for summary judgment (doc. 116) is DENIED.

14

15   DATED: September 20, 2007

16                                          /s/ Arthur L. Alarcón
                                           UNITED STATES CIRCUIT  JUDGE
17                                          Sitting by Designation

18

19

20

21

22

23

24

25

26

27

28                                          -4-